Lewis M. Francis (#6545)
Jessica P. Wilde (#11801)
JONES WALDO HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
*Attorneys for Plaintiff*
Email: lfrancis@joneswaldo.com
       jwilde@joneswaldo.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| RIB CITY FRANCHISING, LLC, a Florida Limited Liability Company, | : : : | |
| | : | COMPLAINT |
| Plaintiff, | : : | |
| vs. | : : | |
| | : | Case No. 2:15-CV-00636-CW |
| SARAH BOWEN, aka "Sarah Epperson" and fka "Sarah Braegger"; CULINARY DESIGNS, LLC, a Utah Limited Liability Company, dba "Pig City Grill"; TONI JORGENSEN, individually and dba "Way Out West Restaurant Group"; and WAY OUT WEST RESTAURANT GROUP, INC., a defunct Utah Corporation; | : : : : : : : : : | Judge:  Clark Waddoups |
| Defendants. | : | |

Plaintiff Rib City Franchising, LLC, through its counsel, complains of Sarah Bowen, also known as "Sarah Epperson", Culinary Designs, LLC, doing business as "Pig City Grill", Toni Jorgensen, individually and doing business as "Way Out West Restaurant Group", and Way Out West Restaurant Group, Inc., as follows:

1204748.3

## PARTIES

1. Plaintiff Rib City Franchising, LLC ("RCF") is a Florida limited liability company with its principal place of business in Fort Myers, Florida.

2. RCF is the authorized licensee of the federally registered *Rib City®, Rib City Grill®* and *Rib City Barbeque®* service marks, together with the related trade names, logos, designs, commercial symbols, URLs, domain names, website addresses, email addresses, cellular address, and related trade dress (collectively the "Rib City Marks").

3. RCF licenses the Rib City Marks and its corresponding *Rib City Grill®* business system to franchisees across the country.

4. Defendant Toni Jorgensen ("Jorgensen") is an individual residing, on information and belief, in American Fork, Utah.

5. Jorgensen entered into a License Agreement with RCF and operated a *Rib City Grill®* franchise business, both individually and dba "Way Out West Restaurant Group" (collectively "Jorgensen").

6. Defendant Way Out West Restaurant Group, Inc. ("WOW") is a Utah corporation with its principal place of business in American Fork, Utah.

7. Along with defendant Jorgensen, WOW was a party to the franchise agreement with RCF for operation of the *Rib City Grill®* restaurant in American Fork, Utah.

8. On information and belief, Jorgensen was the majority shareholder, officer and registered agent of WOW.

9. WOW was voluntarily dissolved by Jorgensen on July 17, 2015.

10. Defendant Sarah Bowen, also known as "Sarah Epperson" and formerly known as "Sarah Braegger" (collectively "Bowen") is an individual residing in American Fork, Utah.

11. Bowen was Jorgensen and WOW's *Rib City Grill*® franchise restaurant manager, and had been employed by Jorgensen and/or WOW since the American Fork, Utah restaurant opened.

12. Since the *Rib City Grill*® franchise was terminated by RCF on July 13, 2015, Bowen has been operating a knockoff restaurant at the exact same location using the derivative name of "Pig City Grill."

13. Defendant Culinary Designs, LLC is a Utah limited liability company doing business as defendant "Pig City Grill" (hereafter "PCG"). Its principal place of business is in American Fork, Utah.

14. This action involves violations of the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, since this action arises under federal law.

15. Further, the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The Court has jurisdiction pursuant to 28 U.S.C. 1332(a).

16. Venue is proper pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## GENERAL ALLEGATIONS

17. Jorgensen entered into an August 4, 2005 License Agreement with RCF to operate a *Rib City Grill*® franchise in American Fork, Utah (the "License Agreement").

18. The License Agreement was modified pursuant to a March 5, 2012 Amendment. In connection therewith, and in an attempt to cure Jorgensen's failure to pay outstanding amounts due RCF under the License Agreement, WOW executed a March 5, 2012 Promissory Note in the amount of $27,729.11. Jorgensen also guaranteed WOW's obligations under the Promissory Note pursuant to a March 5, 2012 Personal Guaranty Agreement.

19. RCF spent significant time, energy and money building and protecting the establishment, operation and merchandising of the *Rib City Grill*® franchise system and its corresponding restaurants, which include a readily recognizable design, color scheme, layout, décor, menu and signage, equipment selection and installation, as well as accounting and bookkeeping, advertising and promotional materials, personnel training and confidential operating procedures.

20. RCF's franchisees are required to use the *Rib City Grill*® name, and to market and provide their products and services using the Rib City Marks.

21. RCF spent time training and assisting Defendants in the operation of the *Rib City Grill*® franchise business in American Fork, Utah.

22. Jorgensen operated her *Rib City Grill*® franchise business both individually and through her company defendant WOW.

23. Jorgensen's *Rib City Grill*® franchise restaurant was located at 648 East State Road, American Fork, Utah 84003 (together with all improvements, structures, fixtures, equipment, amenities and related rights, the "Unit").

24. Pursuant to their agreement, RCF granted Jorgensen and WOW a license to operate a *Rib City Grill*® franchise. Jorgensen and WOW were granted the right to use the RCF

4

system for the offering of barbeque food services, including an operating system, marketing program, and a program of custom design, décor and construction, utilizing the Rib City Marks. Jorgensen and WOW were also granted the right to use *Rib City Grill*® recipes, as well as other proprietary and confidential trade secret information. The foregoing is referred to collectively as the "RCF System."

25. Jorgensen and WOW acknowledged and agreed that RCF owns the RCF System and further, that any unauthorized use of the RCF System would cause irreparable harm to RCF.

26. Jorgensen and WOW also acknowledged the following:

> Licensee and persons controlling, controlled by or under common control with Licensee specifically acknowledge that, pursuant to this Agreement, [Jorgensen] will receive valuable specialized training, trade secrets, and confidential information, including, without limitation, information regarding the management, operational and marketing methods and techniques of RCF and the RCF SYSTEM which are beyond the present skills and experience of Licensee and Licensee's managers and employees. Licensee acknowledges that such specialized training, trade secrets, and confidential information provide a competitive advantage and will be valuable to Licensee in the operation of the Unit, and that gaining access to such specialized training, trade secrets, and confidential information is, therefore, a primary reason why Licensee is entering into this Agreement.

License Agreement, § 20.1.

27. In the event that RCF terminated the franchise, based on an event of default, Jorgensen was required, under Sections 16 and 20 of the License Agreement, to immediately cease using the RCF System.

28. Specifically, the License Agreement provides that upon termination, "Licensee shall immediately desist from representing and holding out to the public that it is a RCF Licensee or that it was formerly a RCF Licensee, and shall cease using the Rib City Grill Mark, including all Marks and Mark Bearing items." License Agreement, § 16.1.

29. Upon termination Jorgensen and WOW were required to take prompt action and cancel any name filing with includes any Rib City Marks.

30. Jorgensen and WOW were also required to do the following in the event of termination:

> Licensee shall alter the Unit to remove all trade dress associated with the Rib City Grill Marks which may involve repainting and structural alterations), to change the telephone number of the licensed Unit and to remove its designation as a Rib City Grill Unit from any restaurant/restaurant directories, advertising and billboards immediately after the license is terminated.

License Agreement, § 16.5.

31. Furthermore, "Licensee shall promptly assign to RCF, upon . . . termination . . ., any interest that Licensee may have in the telephone number, telephone listing, email addresses and electronic identities used by Licensee in connection with the operation of the Unit." License Agreement, § 16.6.

32. Under Section 20 of the License Agreement Jorgensen and WOW, and all persons controlled by them, agree to not compete against RCF. Per the Agreement:

> 20.1.1 during the term of this Agreement and for a continuous uninterrupted period commencing upon expiration or termination of this Agreement and for two (2) years thereafter, except as otherwise approved in writing by RCF, Licensee shall not, either directly or indirectly, for Licensee, or through, on behalf of, or in conjunction with any person, persons, partnerships, corporation, or entity:
>
> 20.1.1.1 solicit, divert or attempt to solicit or attempt to divert any business or customer of the Unit to any competitor, by direct or indirect inducement or otherwise, or do or perform, directly or indirectly, and other act injurious or prejudicial to the goodwill associated with RCF's Marks and the RCF SYSTEM;
>
> 20.1.1.2 own, maintain, operate, engage in, or have any interest in any business which is the same as or similar to the Unit including, but not limited to, any business which is engaged in providing barbecue food products and other related services (a "Competitive Business");

6

        20.1.1.3 own, maintain, operate, engage in, or have any direct or indirect interest in any business which is granting franchises or licenses to other to operate a Competitive Business; or

        20.1.1.4 perform services as a director, officer, manager, employee, consultant, representative, agent, or otherwise for any Competitive Business or for any entity which is granting franchises or licenses to others to operate Competitive Businesses.

    20.2 At any time, during the term of this Agreement or thereafter, use, in connection with the operation of any business engaged in providing barbecue food products and other related services, any of the Confidential Information, or any names, marks, systems, insignias, or symbols provided by RCF to Licensee pursuant to this Agreement, or cause or permit any such business to look like, copy or imitate a Rib City Grill restaurant or to be operated in a manner tending to have such effect.

License Agreement, § 20.

33. Jorgensen and WOW's *Rib City Grill*® franchise was terminated by RCF for their breaches of contract on July 13, 2015.

34. Bowen was Jorgensen and WOW's *Rib City Grill*® restaurant manager. Incident thereto, she received training from RCF. Bowen also worked under the control and direction of Jorgensen and WOW.

35. At or about the time the *Rib City Grill*® franchise was being terminated by RCF, Jorgensen apparently sold or otherwise transferred to Bowen the *Rib City Grill*® franchise business, including but not limited to giving Bowen the RCF System, client lists, supplier lists, menu, *Rib City Grill*® recipes, décor, furnishings, art, wall hangings, website, social media accounts, and *Rib City Grill*® American Fork telephone number, (801) 492-1744.

36. In effect, Jorgensen transferred to Bowen and PCG the *Rib City Grill*® franchise business.

37. Bowen thereafter began, and is now, operating a knockoff barbeque restaurant in the same American Fork location using the name of "Pig City Grill".

38. Bowen is operating Pig City Grill individually and/or through her company PCG.

39. The "Pig City Grill" name is a confusingly similar variation of the *Rib City Grill*® trademark.

40. On information and belief, Bowen is also using the RCF System and RCF's proprietary and confidential information in operating the Pig City Grill.

41. Bowen is also continuing to use the *Rib City Grill*® American Fork telephone number for the Pig City Grill, which number is still advertised in telephone listings and across the internet with the *Rib City Grill*® trademark.

42. Bowen is also using the *Rib City Grill*® American Fork telephone number on the Pig City Grill take-out menu.

43. Further, Bowen is using the *Rib City Grill*® trade dress, including the interior décor, color scheme, wall hanging, artwork, fixtures and furnishings for the Pig City Grill.

44. Pig City Grill also advertises itself using the reviews and awards received by *Rib City Grill*®. For example, Pig City Grill advertises itself as being "#1 Again" during the years 2007 through 2015, although the restaurant did not begin operating as "Pig City Grill" until the July, 2015.

45. The Pig City Grill menu is a barely modified version of the *Rib City Grill*® menu, and most of the items are identical.

46. Following termination of the *Rib City Grill*® franchise, the ribcityutah.com website is being used for Pig City Grill. There is a Trip Advisor plug-in installed on the web

page that is linked to an account for "Pig City BBQ", which indicates that the website was being controlled in conjunction with the Pig City BBQ name.

47. Bowen is using social media sites that were previously maintained to promote, market, and advertise the *Rib City Grill*® franchise restaurant to promote Pig City Grill.

48. The Yelp, TripAdvisor, Foursquare pages for "Rib City Utah," used in connection with Jorgensen and WOW's *Rib City Grill*® franchise restaurant, has been renamed "Pig City BBQ". Bowen did not create new pages for Pig City Grill.

49. The Twitter account for Rib City of Utah is still live and active. On August 10, 2015, a post was made to this page under the Rib City of Utah username, which states: "Hello BBQ Fans! If you want to continue to receive info on this location which is now Pig City please like our … fb.me/2gsyW1zzL."

50. When conducting a simple Google search for "Rib City Utah," one is now presented with the results for Pig City BBQ. In addition, the Pig City BBQ Google business listing is presented with reviews that were done for Rib City Utah.

51. Bowen is also advertising Pig City Grill with a video on YouTube, which shows the cook wearing a *Rib City Grill*® t-shirt.

52. There is customer confusion over who owns the Pig City Grill, and whether this restaurant is the same as *Rib City Grill*®.

53. RCF repeatedly attempted to speak to Jorgensen about her default and her and WOW's continuing contractual obligations. Jorgensen finally spoke with RCF on July 8, 2015. At that time, she said that she was shutting down as of July 12, 2015 and that the landlord was taking all of her assets.

54. Defendant Way Out West Restaurant Group, Inc. was voluntarily dissolved by Jorgensen on July 17, 2015.

55. On August 6, 2015, RCF's counsel sent a demand letter to Jorgensen and Bowen giving them notice of their violations of federal and state law, and the breach of the License Agreement. RCF demanded that they cease infringing the Rib City Marks and using the RCF System.

56. Defendants have failed and/or refused to comply with RCF's demands.

**FIRST CLAIM FOR RELIEF**
**(Breach of the License Agreement—Jorgensen & WOW)**

57. Plaintiff incorporates the preceding allegations as though fully set forth herein.

58. Jorgensen and WOW breached the License Agreement by violating, among other provisions, the post-termination provisions set forth in Sections 16 and 20.

59. Section 16 of the License Agreement required Jorgensen and WOW, as of the termination date of July 13, 2015, to: (1) immediately desist and holding out to the public that the restaurant is a *Rib City Grill*® franchise; (2) promptly take appropriate steps to cancel any name filing which includes the Rib City Marks; (3) alter the Unit and remove all trade dress associated with *Rib City Grill*®; (4) change the phone number for the Unit; and (5) assign to RCF any interest in the phone number, email addresses, and electronic identities.

60. Jorgensen and WOW breached Section 16 of the License Agreement by failing to fulfill the obligations set forth above.

61. Jorgensen and/or WOW breached the License Agreement by, apparently selling or otherwise transferring the *Rib City Grill*® franchise business to Bowen, the former restaurant manager.

10

62.     Jorgensen and/or WOW breached Section 20.1 of the License Agreement by directly or indirectly transferring the *Rib City Grill®* franchise business to Bowen, including but not limited to the RCF System, client lists, vendor lists, *Rib City Grill®* menu, recipes, décor, furnishings, art, wall hangings, website, social media accounts, and the *Rib City Grill®* American Fork telephone number.

63.     Jorgensen and/or WOW also breached Section 20.1 of the Franchise Agreement by assisting or enabling Bowen to operate a Competitive Business.

64.     RCF is entitled to an injunction immediately requiring Jorgensen, WOW and their agent Bowen and Bowen's company PCG to: (1) cease any and all use of the RCF System and all of its proprietary, confidential, and trade secret information, (2) return to RCF the RCF System and its proprietary, confidential, and trade secret information; (3) cease any and all use of the Rib City Marks, including the Marks as they exist in business cards, advertisements, websites, social media, promotions, and signage; (4) cease all of use of the confusingly similar "Pig City Grill", "Pig City" and "Pig City BBQ" names; (5) disable and/or take down all websites, links, videos, social media (Facebook, Twitter, Yelp, Trip Advisor, Foursquare, etc.) pages or other internet listings using or referencing the Rib City Marks; (6) permanently disconnect, or cause to be permanently disconnected, the former *Rib City Grill®* franchise telephone number, (801) 492-1744, with no referral to any other number; (7) cancel any name filing which includes the Rib City Marks; (8) alter the Unit and remove all trade dress associated with the former *Rib City Grill®* restaurant; (9) assign to RCF any interest in the phone number, email addresses, and electronic identities; and (10) comply with all post-termination provisions set forth in Sections 16 and 20 of the License Agreement.

11

65.     Pursuant to the terms of the License Agreement, RCF is also entitled to recover from Jorgensen and WOW the attorney's fees and costs it incurs pursuant to the License Agreement.

WHEREFORE, Plaintiff requests relief as hereafter described in their Prayer for Relief.

**SECOND CLAIM FOR RELIEF**
**(Trademark Infringement and Unfair Competition, Lanham Act, 15 U.S.C. §§ 1051, *et seq.*—All Defendants)**

66.     Plaintiff incorporates the preceding allegations as though set forth fully herein.

67.     The business names "Pig City Grill", "Pig City" and "Pig City BBQ" are confusingly similar to the *Rib City Grill*®, *Rib City*® and *Rib City Barbeque*® trademarks.

68.     Bowen and PCG advertise and operate their barbeque restaurant using the Pig City Grill", "Pig City" and "Pig City BBQ" names to mislead consumers to associate the restaurant with the former *Rib City Grill*® franchise business, its good will, and the reputation that accompanies the *Rib City Grill*® franchise system.

69.     Bowen and PCG are infringing the Rib City Marks and using them to advertise and promote Bowen's competing restaurant, in violation of the Lanham Act, 15 U.S.C. § 1114.

70.     Bowen and PCG are infringing the Rib City Marks in continued listings and/or advertisements, on the internet and otherwise, to advertise and promote Pig City Grill.

71.     Jorgensen has contributorily infringed the Rib City Marks by selling, transferring, authorizing, enabling, and/or permitting Bowen and/or PCG to use the Rib City Marks, in violation of the Lanham Act, 15 U.S.C. § 1114.

72.     Pig City Grill also infringes the *Rib City Grill*® trade dress, including but not limited to the menu, décor, artwork, wall hangings, equipment, fixtures, and furnishings—which

in fact are nearly identical to what was used by Jorgensen in her operation of *Rib City Grill*® franchise.

73. Consequently, Bowen and PCG are infringing the *Rib City Grill*® trade dress, in violation of the Lanham Act, 15 U.S.C. § 1125.

74. Jorgensen has contributorily infringed the *Rib City Grill*® trade dress by selling, transferring, authorizing, enabling, and/or permitting Bowen and/or PCG to use that trade dress for her competing restaurant, in violation of the Lanham Act, 15 U.S.C. § 1125.

75. Bowen has acted intentionally and without privilege.

76. RCF is entitled to an injunction immediately requiring Bowen, PCG, and Jorgensen to: (1) cease any and all use of the Rib City Marks, including as they exist in business cards, advertisements, internet listings, websites, videos, social media, promotions, and signage; (2) cease all of use of the confusingly similar "Pig City Grill", "Pig City" and "Pig City BBQ" names; (3) disable and/or take down all websites, links, videos, social media (Facebook, Twitter, Yelp, Trip Advisor, Foursquare, etc.) pages or other internet listings using or referencing the Rib City Marks; (4) permanently disconnect, or cause to be permanently disconnected, the former Rib City Grill® telephone number, (801) 492-1744, with no referral to any other number; and (5) alter the Unit and remove all trade dress associated with the former *Rib City Grill*® restaurant, including but not limited to the menu, décor, artwork, wall hangings, equipment, and furnishings.

77. RCF is entitled to recover the damages it has incurred from Bowen and PCG, along with the profits Bowen and PCG have received from their unlawful and infringing conduct.

78.     RCF is also entitled to recover its attorney's fees and costs from Bowen and PCG, as provided for by statute.

WHEREFORE, Plaintiff requests relief as hereafter described in their Prayer for Relief.

## THIRD CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets—Jorgensen, Bowen and PCG)

79.     Plaintiff incorporates the preceding allegations as though set forth fully herein.

80.     RCF has spent significant time, energy and money building and protecting the establishment, operation and merchandising of the *Rib City Grill*® franchise and the RCF System, supplier lists, customer lists, recipes, know-how, and other proprietary, confidential, and trade secret information.

81.     RCF has taken steps to maintain the secrecy and confidentiality of this information, including limiting access to such information and imposing restrictions regarding use and disclosure on all those who use, have access to, or have knowledge of the information, as set forth in, among other things, the License Agreement.

82.     Jorgensen was entrusted with RCF's proprietary, confidential, and trade secret information during the time she operated a *Rib City Grill*® franchise restaurant.

83.     During the time that Bowen was employed by Jorgensen and WOW as restaurant manager, much, if not all, of RCF's proprietary, confidential, and trade secret information was entrusted to Bowen in the performance of her duties for Jorgensen.

84.     Both Jorgensen and Bowen received training and information pertaining to the RCF System, *Rib City Grill*® trade dress, and trade secrets.

85. Jorgensen has misappropriated RCF's trade secrets by willing profiting from and causing to be transferred RCF's trade secrets to Bowen and PCG, and by refusing to return such information to RCF.

86. Bowen and PCG have misappropriated RCF's trade secrets by willfully using the trade secrets and other proprietary and confidential information for personal gain, and by refusing to return such information to RCF.

87. RCF is entitled to injunctive relief pursuant to Utah Code Ann. § 13-24-3.

88. RCF is entitled to damages including both the actual loss and the unjust enrichment caused by the misappropriation, and exemplary damages, as provided in Utah Code Ann. § 13-24-4.

89. RCF is also entitled to an award of reasonable attorney's fees pursuant to Utah Code Ann. § 13-24-5.

WHEREFORE, Plaintiff requests relief as hereafter described in their Prayer for Relief.

**FOURTH CLAIM FOR RELIEF**
**(Conspiracy—Jorgensen and Bowen)**

90. Plaintiff incorporates the preceding allegations as though set forth fully herein.

91. Jorgensen, as a *Rib City Grill*® franchisee, and Bowen, as the manager of the *Rib City Grill*® franchise restaurant under Jorgensen's and WOW's direction and control, conspired together to use the RCF System, the Rib City Marks, the *Rib City Grill*® trade dress, and RCF's proprietary, confidential, and trade secret information, in breach of the License Agreement and in violation of federal and state law.

92. Jorgensen and Bowen conspired together against RCF, through Jorgensen's sale, or other authorization or enablement to transfer the *Rib City Grill®* franchise business and assets to a competitor.

93. RCF has suffered monetary damages as a result of Jorgensen's and Bowen's conspiracy.

WHEREFORE, Plaintiff requests relief as hereafter described in their Prayer for Relief.

### FIFTH CLAIM FOR RELIEF
**(Injunctive Relief—All Defendants)**

94. Plaintiff incorporates the preceding allegations as though set forth fully herein.

95. Defendants' actions are causing and will continue to cause irreparable harm to RCF.

96. Defendants will not be injured by the grant of a preliminary injunction that prohibit further violations of the License Agreement and infringement of the Rib City Marks and *Rib City Grill®* trade dress while the parties litigate their disputes.

97. In fact, Jorgensen and WOW specifically agreed to the imposition of such injunctive relief in the License Agreement:

> Nothing in this Agreement shall bar RCF's right to seek specific performance of the provisions of this Agreement and injunctive relief against threatened conduct that will cause RCF loss or damages under customary equity rules, including applicable rules for obtaining restraining orders and preliminary injunctions. Licensee agrees that RCF may seek such injunctive relief in addition to such further or other relief as may be available at equity or law.

License Agreement, § 18.8.

98. RCF can, and will, demonstrate that it is likely to prevail on the merits of its claims that Jorgensen and WOW breached the License Agreement, that Defendants are infringing

16

the Rib City Marks and *Rib City Grill*® trade dress, and that Jorgensen and Bowen have misappropriated RCF's trade secrets and/or confidential information.

99.  Accordingly, RCF requests a preliminary injunction prohibiting further violations of the License Agreement, infringement of the Rib City Marks and *Rib City Grill*® trade dress, and use of RCF's trade secrets and confidential information while the matter is litigated.

WHEREFORE, Plaintiff requests relief as hereafter described in their Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rib City Franchising, LLC demands entry of judgment in its favor against Defendants Sarah Bowen aka Sarah Epperson, Culinary Designs, LLC, Toni Jorgensen, and Way Out West Restaurant Group, Inc. (collectively "Defendants"), as follows:

A.  For a Preliminary and Permanent Injunction requiring Defendants to immediately:

   1.  Cease any and all use of, and to destroy, all Rib City Marks, including as they exist in business cards, advertisements, websites, internet listings, videos, social media, promotions, and signage;

   2.  Disable and/or take down all websites, links, videos, social media, (Facebook, Twitter, Yelp, Trip Advisor, Foursquare, YouTube, etc.) pages or other internet listings using or referencing the Rib City Marks;

   3.  Permanently disconnect, or cause to be permanently disconnected, the American Fork *Rib City Grill*® telephone number, (801) 492-1744, with no referral to any other number or message;

   4.  Cease any and all use of the confusingly similar "Pig City Grill," "Pig City" and "Pig City BBQ" names;

17

    5.    Remove all trade dress associated with the former *Rib City Grill®* restaurant;

    6.    Assign to RCF any interest in the phone number, email addresses, and electronic identities;

    7.    Cease any and all use of the RCF System and all of its confidential, proprietary, and trade secret information, and to return to RCF the RCF System and its proprietary, confidential, and trade secret information; and

    8.    Cease operation of the Pig City Grill restaurant.

B.    That, pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, said injunction shall also expressly bind Defendants' "officers, agents, servants, employees and attorneys" and "other persons who are in active concert or participation" with them.

C.    For an award of monetary and exemplary damages against Defendants Bowen and PCG, in an amount to be determined at trial.

D.    For an award of RCF's attorney's fees and costs against Defendants; and

E.    For such other or further relief as the Court may deem appropriate.

DATED this 3rd day of September, 2015.

                JONES WALDO HOLBROOK & McDONOUGH PC

                By: /s/ Lewis M. Francis
                    Lewis M. Francis
                    Jessica P. Wilde
                    *Attorneys for Plaintiff*

Plaintiff's address:

1342 Colonial Blvd., Suite B-10
Fort Myers, FL 33907