IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RIB CITY FRANCHISING, LLC, a Florida Limited Liability Company, | : : : |
| Plaintiff, | : : : **MEMORANDUM DECISION AND ORDER AWARDING PLAINTIFF ATTORNEY FEES AGAINST DEFENDANTS TONI JORGENSEN AND WAY OUT WEST RESTAURANT GROUP, INC.** |
| vs. | : : |
| SARAH BOWEN, aka "Sarah Epperson" and fka "Sarah Braegger"; CULINARY DESIGNS, LLC, a Utah Limited Liability Company, dba "Pig City Grill"; TONI JORGENSEN, individually and dba "Way Out West Restaurant Group"; and WAY OUT WEST RESTAURANT GROUP, INC., a defunct Utah Corporation; | : : : Case No. 2:15-cv-00636-CW-EJF : : District Judge Clark Waddoups : : Magistrate Judge Evelyn J. Furse : |
| Defendants. | : |

Plaintiff Rib City Franchising ("RFC") filed a Motion to Set Amount of Attorney Fees Incurred in Connection with Filing Motion to Compel Against Toni Jorgensen and Way Out West Restaurant Group, Inc. (the "Jorgensen Defendants"), (ECF No. 76).  Based on the Motion and the Declaration of Jessica P. Wilde, (ECF No. 75), the Court finds RFC's requested attorney fees reasonable and GRANTS the Motion, (ECF No. 76).

In its Order granting the related motion to compel, the Court also granted "RFC's request for attorney fees and costs related to RCF's motion to compel the production of documents, including communicating with counsel regarding the Jorgensen Defendants' responses, filing the Motion and accompanying memoranda, arguing the Motion at the hearing, and drafting this proposed Order."  (Order 3, ECF No. 81.)  Subsequently, RFC submitted this Motion and accompanying attorney billing statement reflecting that Jessica Wilde spent 15.1 hours of time

1

and Lewis Francis spent 10.6 hours of time in connection with this discovery dispute, totaling $6,524.50 in attorney fees.  (*See* Decl. of Jessica P. Wilde, ECF No. 75-1.)

The Jorgensen Defendants oppose RFC's proposed fee amount, arguing that the total fee should not exceed nine hours of time for a single attorney because the issues were "not so complex, novel, or voluminous to require multiple attorneys' participation in the process and drafting of correspondence, memoranda, and orders."  (Defs.' Mem. in Opp'n to Pl.'s Mot. to Set Amount of Att'y Fees (Opp'n) 2–3, ECF No. 80.)  By comparison, the Jorgensen Defendants note that their counsel only expended a total of 8.2 hours on this discovery dispute.  (*Id.* at 2, ECF No. 80.)  RFC counters that the discovery dispute, though fundamentally simple, arose after the Jorgensen Defendants denied the existence of relevant discovery, forcing RFC to undertake the effort and expense of subpoenaing a third party to prove the existence of the documents. (Reply in Support Pl.'s Mot. to Set Amount of Att'y Fees (Reply) 2, ECF No. 84.)  RFC also asserts that their counsel collaborated but did not duplicate time, and that the fees identified fall within the parameters outlined in the Court's Order.  (*Id.* at 3, ECF No. 84.)

"[W]hen examining an attorney's fee claim, the district court should examine the hours spent on each task to determine the reasonableness of the hours reported."  *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000).  Generally, "[w]hat is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side."  *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)). After reviewing RFC's itemized ledger, the Court finds reasonable the hours expended by RFC's counsel related to this discovery dispute.  RFC only included work related to identifying this particular discovery issue, communicating with counsel, filing and arguing the Motion to

Compel, following up with counsel to secure the relevant documents after the hearing, and submitting a proposed order to this Court.  (*See* Decl. of Jessica P. Wilde 3, ECF No. 75.) "Evidence of the hours expended by opposing counsel may be helpful in determining whether time expended on a case was reasonable, but the opponent's time is not an 'immutable yardstick of reasonableness.'"  *Shaw*, 213 F.3d at 543 (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir.1998)).  RFC's counsel necessarily and reasonably incurred greater hours than the Jorgensen Defendants by their efforts to identify the discovery issue, resolve it among the parties out of court, and ultimately bring the dispute to the attention of the Court through a motion to compel.  (*See* Decl. of Jessica P. Wilde 2–3, ECF No. 75.)  The Court also finds Ms. Wilde and Mr. Francis's collaboration on this discovery matter not duplicative.  As the Tenth Circuit has noted, "[t]ime spent by two attorneys on the same general task is not . . . per se duplicative.  Careful preparation often requires collaboration and rehearsal . . . ."  *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1077 (10th Cir. 1998) (quoting *Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 860 (1st Cir. 1998)).  The two attorneys reasonably collaborated on discussions and preparation around this discovery issue.

    For the foregoing reasons, the Court hereby ORDERS the following:

1. Defendants Toni Jorgensen and Way Out West Restaurant Group, Inc. shall pay to Plaintiff Rib City Franchising, within seven calendar days, the amount of $6,524.50, corresponding to the attorney's fees incurred in connection with work related to the Motion.

2. Failure to pay this amount in full within seven days from the date of this order shall result in immediate judgment in favor of Plaintiff Rib City Franchising.

    DATED this _28th__ day of March, 2016.

BY THE COURT:

*signature*
EVELYN J. FURSE
United States Magistrate Judge